## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| ACCELERON PHARMA INC., FRANCOIS | : **SECURITIES EXCHANGE ACT OF 1934** |
| NADER, HABIB DABLE, LAURA J. | : |
| HAMILL, CHRISTOPHER HITE, | : |
| TERRENCE C. KEARNEY, KEMAL | : |
| MALIK, THOMAS A. MCCOURT, KAREN | : |
| L. SMITH, and JOSEPH S. ZAKRZEWSKI, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On September 29, 2021, Acceleron Pharma Inc. ("Acceleron" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Merck Sharp & Dohme Corp. ("Parent") and Astros Merger Sub, Inc. ("Purchaser") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Purchaser commenced a tender offer (the "Tender Offer") to purchase Acceleron's outstanding common stock for $180.00 in cash per share. The Tender Offer is set to expire on November 10, 2021.

3. On October 12, 2021, defendants filed a recommendation statement (the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Recommendation Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Acceleron common stock.

9. Defendant Acceleron is a Delaware corporation. Acceleron's common stock is traded on the NASDAQ under the ticker symbol "XLRN."

10. Defendant Francois Nader is Chairman of the Board of Directors of Acceleron (the "Board").

11. Defendant Habib Dable is President, Chief Executive Officer, and a member of the Board.

12. Defendant Laura J. Hamill is a member of the Board.

13. Defendant Christopher Hite is a member of the Board.

14. Defendant Terrence C. Kearney is a member of the Board.

15. Defendant Kemal Malik is a member of the Board.

16. Defendant Thomas A. McCourt is a member of the Board.

17. Defendant Karen L. Smith is a member of the Board.

18. Defendant Joseph S. Zakrzewski is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Acceleron is a biopharmaceutical company dedicated to the discovery, development, and commercialization of therapeutics to treat serious and rare diseases.

21. On September 29, 2021, Acceleron entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Merck (NYSE: MRK), known as MSD outside the United States and Canada, and Acceleron Pharma Inc. (Nasdaq: XLRN), a publicly traded biopharmaceutical company, today announced that the companies have entered into a definitive agreement under which Merck, through a subsidiary, will acquire Acceleron for $180 per share in cash for an approximate total equity value of $11.5 billion.

Acceleron is focused on harnessing the power of the transforming growth factor (TGF)-beta superfamily of proteins that is known to play a central role in the regulation of cell growth, differentiation and repair. Acceleron's lead therapeutic candidate, sotatercept, has a novel mechanism of action with the potential to improve short-term and/or long-term clinical outcomes in patients with pulmonary arterial hypertension (PAH), a progressive and life-threatening blood vessel disorder. Sotatercept is in Phase 3 trials as add-on to current standard of care for the treatment of PAH.

Confidential

"Strategic business development is a top priority for Merck as we look to drive sustainable growth and further bolster and balance our pipeline with breakthrough science," said Rob Davis, chief executive officer and president, Merck.

3

"Acceleron's innovative research has yielded an exciting late-stage candidate that complements and strengthens our growing cardiovascular portfolio and pipeline and holds the potential to build upon Merck's proud legacy in cardiovascular disease."

In addition to sotatercept, Acceleron's portfolio includes REBLOZYL® (luspatercept-aamt), a first-in-class erythroid maturation recombinant fusion protein approved in the United States, Europe, Canada and Australia for the treatment of anemia in certain rare blood disorders. REBLOZYL is being developed and commercialized through a global collaboration with Bristol Myers Squibb.

"This agreement with Merck represents the culmination of decades of work by Acceleron researchers successfully leveraging our company's deep scientific expertise in the biology of the TGF-beta superfamily and driven by an unwavering dedication to delivering life-changing medicines for patients," said Habib Dable, chief executive officer and president, Acceleron. "We believe Merck is well-positioned to apply its industry-leading clinical and commercial capabilities to harness the potential of sotatercept as we join together to help make an impact on cardiopulmonary disease for the benefit of patients."

Under the terms of the acquisition agreement, Merck, through a subsidiary, will initiate a tender offer to acquire all outstanding shares of Acceleron. The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Acceleron's outstanding shares, receipt of applicable regulatory approvals, and other customary conditions. Upon the successful completion of the tender offer, Merck's acquisition subsidiary will be merged into Acceleron, and any remaining shares of common stock of Acceleron will be canceled and converted into the right to receive the same $180 per share price payable in the tender offer. The transaction is expected to close in the fourth quarter of 2021.

**Advisors**

Credit Suisse Securities (USA) LLC and Goldman Sachs & Co. LLC acted as financial advisors to Merck in this transaction and Covington & Burling LLP and Gibson, Dunn & Crutcher LLP as its legal advisors. Centerview Partners LLC and J.P. Morgan Securities LLC were financial advisors to Acceleron and Ropes & Gray LLP its legal advisor.

23. On October 12, 2021, defendants filed the Recommendation Statement, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

24. The Recommendation Statement fails to disclose material information regarding

4

Acceleron's financial projections, specifically: (i) the preliminary projections; and (ii) the non-risk adjusted projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

26. The Recommendation Statement fails to disclose material information regarding the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan") and Centerview Partners LLC ("Centerview"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose the inputs and assumptions underlying the discount rates used in the analysis.

28. Regarding Centerview's Discounted Cash Flow Analysis, the Recommendation Statement fails to disclose the inputs and assumptions underlying the discount rates used in the analysis.

29. Regarding Centerview's Analyst Price Target Analysis, the Recommendation Statement fails to disclose: (i) the observed price targets; and (ii) the sources of the observed price targets.

30. Regarding Centerview's Premia Paid Analysis, the Recommendation Statement fails to disclose the premiums paid in the observed transactions.

## COUNT I

**Claim Against Defendants for Violation of Section 14(e) of the Exchange Act**

31. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32. Section 14(e) of the Exchange Act states:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

33. Defendants disseminated the misleading Recommendation Statement, which contained statements that, in violation of Section 14(e) of the Exchange Act, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not misleading.

34. The Recommendation Statement was prepared, reviewed, and/or disseminated by defendants.

35. The Recommendation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

36. By virtue of their positions within the Company and/or roles in the process and the preparation of the Recommendation Statement, defendants were aware of this information and their duty to disclose this information in the Recommendation Statement.

37. The omissions in the Recommendation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

39. Defendants knowingly or with deliberate recklessness omitted the material

information identified above in the Recommendation Statement, causing statements therein to be materially incomplete and misleading.

40. Accordingly, defendants violated Section 14(e) of the Exchange Act.

41. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## COUNT II

### Claim Against Defendants for Violation of 14(d) of the Exchange Act

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

44. Rule 14d-9(d) states:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

45. Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

46. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

47. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and

7

misleading.

48. The omissions in the Recommendation Statement are material to plaintiff, and he will be deprived of his entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

49. Plaintiff has no adequate remedy at law.

## COUNT III

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

50. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

51. The Individual Defendants acted as controlling persons of Acceleron within the meaning of Section 20(a) of the Exchange Act as alleged herein.

52. Due to their positions as directors of Acceleron and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54. Each of the Individual Defendants had direct and supervisory involvement in the

day-to-day operations of the Company, and, thus, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

55. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Recommendation Statement.

56. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

57. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

58. Due to their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

59. Plaintiff is threatened with irreparable harm and has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief against defendants as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

    D.    Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9;

    E.    Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

    F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: October 21, 2021

**GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*